**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHRISTOPHER DEVINE | : | |
| | : | |
| v. | : | CIVIL NO. CCB-14-416 |
| | : | Criminal No. CCB-12-0166 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**<u>MEMORANDUM</u>**

On November 8, 2012, Christopher Devine pled guilty to conspiracy to commit bank fraud (Count One) and aggravated identity theft (Count Three). The charges arose from a three-year fraudulent check conspiracy involving the use of fraudulent and stolen personal identification information. Devine also participated in a scheme to defraud the Internal Revenue Service by preparing and filing false tax returns. After holding an evidentiary hearing to resolve contested guideline issues, the court determined the advisory guideline range to be 78-97 months on Count One, and 24 months consecutive on Count Three. (Gov't Opp'n Ex. 3, Tr. 3/1/13, at 32, ECF No. 105-3.) On March 1, 2013, the court sentenced Devine to 97 months on Count One and 24 months consecutive on Count Three. Devine later filed a timely motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. That motion has been fully briefed and will be denied for the reasons stated below.

To prove the claims in his motion, Devine must satisfy the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). He must show both "deficient" performance that falls outside "the wide range of reasonable professional assistance" and prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." 466 U.S. at 689, 694; *Roach v. Martin*, 757 F.2d 1463, 1476-77 (4th Cir. 1985). Devine's claims will be addressed in turn to the extent necessary.[1]

First, Devine argues that counsel failed to file a motion to suppress evidence, which is incorrect. As the government explained in its opposition, counsel did file such a motion on June 27, 2012. (*See* Def.'s Mot. Suppress, ECF No. 44.) In Devine's reply, he claims counsel did not tell him about the motion, and that it would be forfeited by a guilty plea. (Def.'s Reply ¶ 1, ECF No. 107.)[2] Even if that were believed, the court advised Devine at his plea hearing that he was giving up pretrial motions. (Gov't Opp'n Ex. 1, Tr. 11/8/12, at 12, ECF No. 105-1.) Further, Devine offers no information as to the substance of the motion or why it would have been granted. (*See* Def.'s Reply ¶ 1.)

Second, Devine alleges counsel failed to file a direct appeal. But Devine waived his right to appeal his conviction and his sentence at the Rule 11 proceeding. (Tr. 11/8/12, at 23-24; Gov't Opp'n Ex. 2, Plea Agreement, ECF No. 105-2.) Nor does he claim that he asked his trial counsel to file an appeal on his behalf.

Third, Devine claims his counsel was ineffective for failing to notify the court that the government had violated an agreement not to seek sentencing enhancements. But the plea agreement signed by Devine identified the six enhancements that were in dispute, (Plea Agreement ¶ 8), and Devine was present for an evidentiary hearing to resolve those disputes. The government had the right to recommend what it believed to be a reasonable sentence. (*Id.* ¶ 12). At sentencing, the government argued for a total of 15 years, which defense counsel

---

[1] The court has considered and rejected all of Devine's claims, even if some are not specifically addressed in this Memorandum.
[2] Though this filing is entitled "Motion for Affidavit of Defense Counsel," the court construes it as including Devine's reply.

opposed, and the court concluded that the upper end of the guideline range was sufficient, (Tr. 3/1/13, at 50-51), imposing a total sentence slightly over 10 years.

Fourth, Devine appears to allege that counsel should have obtained a cooperation agreement from the government. But there is no evidence that the government was willing to enter into any such agreement that would have resulted in a better sentence for Devine. Defense counsel did raise the issue of cooperation, (Tr. 3/1/13, at 20), but when that did not prove fruitful he negotiated an agreement that left Devine free to challenge numerous guideline enhancements and ultimately resulted in a sentence significantly below the government's request.

Fifth, Devine's claim that defense counsel failed to subpoena witnesses or use an investigator is both unspecific and unsubstantiated. In his reply, Devine refers to various other defendants who should have been subpoenaed, without showing any likelihood they would have offered helpful testimony. (Def.'s Reply ¶ 3.)

Finally, in an amendment to his motion filed July 9, 2014, (Def.'s Amendment, ECF No. 104), Devine appears to assert a Sixth Amendment violation by the government's alleged use of co-defendant Quanishia Ross to obtain information from Devine after he had counsel. Neither in his amendment nor in his reply does Devine identify the illegally obtained information other than by reference to letters which are apparently those he wrote to Ross. Those letters in fact were admitted as evidence supporting his obstruction of justice enhancement. (Tr. 3/1/13, at 15-16, 21-23.) No Sixth Amendment violation has been shown.

In summary, Devine has shown neither deficient performance nor prejudice and thus has failed to prove ineffective assistance of counsel. His motion will be denied and dismissed without an evidentiary hearing. No certificate of appealability will be issued.

A separate Order follows.


January 28, 2015                                                    /S/
Date                                             Catherine C. Blake
                                                 United States District Judge